ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff-appellant, Dennis A. Devine, Jr. ("Devine") appeals from the trial court's decision that summarily dismissed his claim against defendant-appellee Ohio Insurance Guaranty Association ("OIGA") that sought payment of a consent judgment Devine had obtained from one of its insured physicians ("Dr. Magpoc") in settlement of a medical malpractice action. For the reasons that follow, we affirm.
 {¶ 3} According to the record, OIGA insured Dr. Magpoc under policy number PM34-91F-12735 beginning November 1, 1991 for a period of one year. Devine sent Dr. Magpoc notice of his intent to pursue a medical malpractice claim in a letter dated October 26, 1992. Devine contends that Dr. Magpoc mailed notice of the claim to his insurer[1] on October 29, 1992. After Dr. Magpoc died, Devine entered into a consent judgment with his estate without consent from the insurer.
 {¶ 4} On May 30, 2003, Devine commenced this action against OIGA for payment of the consent judgment. OIGA filed an unopposed motion for summary judgment; which the court granted. Devine now appeals raising one assignment of error.
 {¶ 5} "I. The trial court erred by granting defendant's motion for summary judgment."
 {¶ 6} We employ a de novo review in determining whether summary judgment was warranted. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336; Zemcik v. La Pine Truck Sales Equipment (1998),124 Ohio App.3d 581, 585.[2]
 {¶ 7} OIGA moved for summary judgment on the basis that Devine failed to establish that Devine's claim against Dr. Magpoc was covered under an insurance policy. OIGA maintained that Dr. Magpoc failed to present timely notice of the claim and that the parties failed to obtain written authorization from the insurer (or OIGA) for the settlement of the claim as required by the policy. OIGA additionally maintained that Devine's claims against it were barred by the doctrine of laches. On appeal, Devine only alleges that summary judgment was improper because Magpoc provided timely notice of the claim but does not challenge the other basis upon which OIGA's motion for summary judgment was granted. We have reviewed the policy and record and find that summary judgment was warranted notwithstanding whether timely notice of the claim was provided.
 {¶ 8} Devine's sole assignment of error is overruled.
Judgment affirmed.
Dyke, P.J., and Gallagher, J., concur.
[1] PIE Mutual Insurance Company ("PIE") insured Dr. Magpoc but PIE became insolvent and was ordered into liquidation in 1998.
[2] Summary judgment is appropriate where: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor.Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274." Zivichv. Mentor Soccer Club, 82 Ohio St.3d 367, 369-70, 1998-Ohio-389.